IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLES NORFLEET HUGHES          )
1209 Shirley Lane                )
Midland, TX 79705                )          COMPLAINT
                                 )          18 USC §925A
                                 )          42 USC §1983
          Plaintiff,             )
                                 )
          v.                     )
                                 )
UNITED STATES OF AMERICA         )
C/O Office of the Attorney General )
950 Pennsylvania Avenue, NW      )
Washington, DC 20530-0001        )
                                 )
          and                    )
                                 )
LORETTA LYNCH, in her official capacity )
as Attorney General              )
Office of the Attorney General   )
950 Pennsylvania Avenue, NW      )
Washington, DC 20530-0001        )
                                 )
          Defendants.            )
_____)

**COMES NOW** the Plaintiff, by and through undersigned counsel, and

alleges as follows:

**PARTIES**

1.  Plaintiff, Charles Norfleet Hughes ("Hughes") is an adult male citizen

of the State of Texas.

2.  Defendant United States of America ("USA") is a jural entity.

3.   Defendant Loretta Lynch, is sued in her official capacity as the Attorney General of the United States of America.   As Attorney General, Defendant Lynch is responsible for administering and executing the laws, customs, practices and policies of the United States, and is currently enforcing the laws, customs, practices and policies complained of in this action.

## JURISDICTION AND VENUE

4.   This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§1331, 1346, 2202; 18 U.S.C. §925A; and 42 U.S.C. §1983, since the United States is a Defendant and the case arises under the Constitution and laws of the United States.

5.   Venue is proper under 28 U.S.C. §1391(b)(1).

## STATEMENT OF FACTS

6.   18 U.S.C. §922(g)(1) provides that:

> "It shall be unlawful for any person-- (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
> ***
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

7. 18 U.S.C. §921(a)(20) provides that:

> The term "crime punishable by imprisonment for a term exceeding one year" does not include—

(A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices, or

(B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.

What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. **Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.** (emphasis added).

8. Plaintiff was sentenced on or about July 29, 1998 in the Superior Court of the State of California in and for the County of San Diego for the crime of possession of marijuana, a felony. The crime Plaintiff was convicted of did not involve the use of a dangerous weapon.

9. Plaintiff served three years of probation and was discharged on July 29, 2001 having completed his sentence.

10. Plaintiff has since been a model citizen, and desiring to have his rights restored, applied for a Certificate of Rehabilitation from the Superior Court of the State of California in and for the County of San Diego.

11. Plaintiff was granted the Certificate of Rehabilitation in April 2012 and the court recommended that the "Governor of the State of California grant a

full pardon to said petitioner." A true and correct copy is attached as Exhibit "A".

12. Pursuant to California law,

> Whenever a person is issued a certificate of rehabilitation or granted a pardon from the Governor under this chapter, the fact shall be immediately reported to the Department of Justice by the court, Governor, officer, or governmental agency by whose official action the certificate is issued or the pardon granted. The Department of Justice shall immediately record the facts so reported on the former criminal record of the person, and transmit those facts to the Federal Bureau of Investigation at Washington, D.C. When the criminal record is thereafter reported by the department, it shall also report the fact that the person has received a certificate of rehabilitation, or pardon, or both.

> Whenever a person is granted a full and unconditional pardon by the Governor, based upon a certificate of rehabilitation, the pardon shall entitle the person to exercise thereafter all civil and political rights of citizenship, including, but not limited to: (1) the right to vote; (2) **the right to own, possess, and keep any type of firearm that may lawfully be owned and possessed by other citizens**; except that this right shall not be restored, and Sections 17800 and 23510 and Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6 shall apply, if the person was ever convicted of a felony involving the use of a dangerous weapon.

Cal. Penal Code Ann. § 4852.17.

13. Plaintiff then received a "full and unconditional pardon" from the Governor of California, Edmund G. Brown, Jr, for his crime of possession of marijuana. A true and correct copy is attached as Exhibit "B".

14. On May 27, 2016, Plaintiff attempted to purchase a firearm and was delayed. Plaintiff's NICS check came back denied on May 29, 2016.  Plaintiff appealed the denial from the FBI and requested why he was denied.

15. Plaintiff appealed the denial and provided additional documentation.  A true and correct copy is attached as Exhibit "C."

16. Plaintiff received a response, dated June 10, 2016, that referenced as the basis for denial 18 U.S.C. §§ 921(a)(20) and 922(g)(1), ostensibly for the crime for which he has already received both a Certificate of Rehabilitation and a full and unconditional gubernatorial pardon. See Exhibit "D."

17. Plaintiff had already requested and obtained his FBI Identification Record and in that record, it correctly demonstrated that Plaintiff had received a Certificate of Rehabilitation and a pardon, which restored Plaintiff's Second Amendment rights.

18. Under 28 C.F.R. § 25.10, the FBI has an obligation to verify the record correction with the originating agency and take all necessary steps to correct the record in NICS.  This is not a discretionary duty.

19. Defendants are either willfully denying Plaintiff his Second Amendment rights or there is a glitch in the system showing that Plaintiff is a prohibited person.  There is no basis for Defendants to deny Plaintiff his firearm and his Second Amendment rights.

20. On January 20, 2016, USA Today reported that the FBI is halting "the processing of thousands of appeals from prospective buyers whose firearm purchase attempts have been denied."[1]

21. Although the June 10, 2016 letter advises Plaintiff that his "appeal requests (sic) has been forwarded for further processing," this is an insufficient remedy as the letter plainly states, the "NICS Section is currently processing cases received in **July 2015**." (emphasis added).  See Exhibit "D". Under this scenario, Plaintiff would have to wait over a year while Defendants unlawfully deprive him of his constitutional rights.

22. Regardless of whether NICS is processing appeals or not, it is an insufficient remedy when it appears as though Defendants already have the correct records in its files and Plaintiff should be deemed to have exhausted his administrative remedies.

## COUNT I

23. Plaintiff incorporates each previous paragraph as if set forth herein again.

24. 18 U.S.C. § 925(a) provides

Any person denied a firearm pursuant to subsection (s) or (t) of section 922—

---

[1] http://www.usatoday.com/story/news/nation/2016/01/19/fbi-guns-background-checks/78752774/?siteID=je6NUbpObpQ-BbTAhOhBe3xFjZr6NOLwLQ (last accessed July 7, 2016).

(1) due to the provision of erroneous information relating to the person by any State or political subdivision thereof, or by the national instant criminal background check system established under section 103 of the Brady Handgun Violence Prevention Act; or

(2) who was not prohibited from receipt of a firearm pursuant to subsection (g) or (n) of section 922,

may bring an action against the State or political subdivision responsible for providing the erroneous information, or responsible for denying the transfer, or against the United States, as the case may be, for an order directing that the erroneous information be corrected or that the transfer be approved, as the case may be. In any action under this section, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs.

25. Plaintiff requests that an order issue directing that any erroneous information be corrected and the transfer be approved.

26. Plaintiff also requests that an order issue directing Defendants to issue Plaintiff a UPIN (Unique Personal Identification Number) so future transactions may proceed without delay.

## <u>COUNT II – VIOLATION OF THE SECOND AMENDMENT</u>

27. Plaintiff incorporates each previous paragraph as if set forth herein again.

28. Defendants' conduct burdens Plaintiff's Second Amendment rights as it prohibits him from purchasing firearms in his state of residence: Texas.

29. Defendants' conduct additionally burdens Plaintiff's Second Amendment rights as Defendants act to arbitrarily and capriciously revoke Plaintiff's restored rights without due process of law.

30. Plaintiff has a right to purchase a firearm from a Federal Firearms Licensee (FFL), and but for Defendants denying Plaintiff his rights, Plaintiff would be allowed to purchase a firearm from an FFL.

31. Additionally, Plaintiff is not a prohibited person and the Defendants should be immediately enjoined from denying Plaintiff his Second Amendment rights.

32. Plaintiff also requests his attorneys' fees and costs be awarded to Plaintiff and requests any other relief that he may be entitled to.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

(1) Order Defendants to correct its records on Plaintiff to reflect that he is not forbidden to purchase, receive, or possess a firearm;

(2) Order that Defendants allow the transfer of the firearm; and

(3) Order Defendants to issue Plaintiff a UPIN;

(4) In the alternative, Order Defendants to cease violating Plaintiff's Second Amendment rights and approve Plaintiff's transfer and issue Plaintiff a UPIN; and

(5) That Plaintiff be awarded his costs and attorney's fees and any other

relief he is entitled to.

Dated: <u>July 10, 2016</u>

Respectfully Submitted,

CHARLES NORFLEET HUGHES

**<u>/s/ Stephen D. Stamboulieh</u>**
Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 4008
Madison, MS  39130
(601) 852-3440
stephen@sdslaw.us
DC District Court Bar# MS0009
*Counsel for Plaintiff*